CASE 38—ACTION BY W. T. THRELKELD AGAINST LIVINGSTON COUNTY
FISCAL COURT FOR FEES AS JAILER.—MAY 25.

# Threlkeld v. Livingston Co. Fiscal Court.

APPEAL FROM LIVINGSTON CIRCUIT COURT—J. F. GORDON, CIRCUIT
JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

JAILERS—COMPENSATION—SERVICES—COUNTY COURTS—SPECIAL TERMS.

1. Under Ky St., 1903, secs. 1730, 1749, fixing the fees of the
jailer for attending county courts, and providing that no officer
shall receive any fee for services not actually rendered, a jailer
is not entitled to fees for special terms of court which he did not
attend.

J. W. BUSH AND C. C. GRASSHAM FOR APPELLANT.

1. A special term of the county court is a county court as much
as a regular term. When necessary special terms are proper, and
should be called, at which the jailer has the right to attend and
receive pay.

2. The fees to which an officer is entitled constitute his salary.

3. An officer's salary can not be decreased during his term.

4. To allow the county judge to hold special terms of his court
without notice to the jailer so that he can attend and earn his fees,
is to deprive him of salary, and is therefore contrary to law.

5. Waite's Actions and Defenses, p. 20; 19 Am. & Eng. Ency.,
pp. 526, 532, 533; Webb v. Macauley, 4 Bush, 11; 10 B. Monroe,
172; Ky. Statutes, secs. 1730, 3950.

C. H. WILSON, ATTORNEY FOR APPELLEE.

There is no statute or law requiring the jailer to attend either
the county, fiscal or quarterly courts, and section 1730 of the
Kentucky Statutes relied upon by appellant, simply provides that
his pay for attending county and quarterly courts shall not ex-
ceed $2.00 per day—hence we take it that his right to charge
for either the regular or special terms is contingent upon his
actual attendance upon said courts, and in the event he fails to

attend either the regular or special terms he is not entitled to charge therefor.

## BOND OF JAILER.

· The bond of the jailer which is prescribed by section 2224, Ky. Statutes embraces only such duties as are required of him by law, and do not embrace the special terms of court sued about for the reason that the services sued about are not duties required of appellant as jailer by law, and we conclude for that reason he could not be held liable on his official bond, or prosecuted for failure to attend the special terms of court sued about.

## DUTIES OF JAILER.

We have examined carefully each section of the Ky. Statutes which relate to jailers, their pay and duties, which are as follows: 2236, 2228, 2235, 1241a, 2044, 2229, 2237a, 1241a, 2228, 2227, 2224, 3948-50, 2232, 2229, 3948, 2237, 1519, 1730, 356, 1772, 1776, 2230, 2229, 2225, 3746, 2226, 1382, 2234, 2231, 1526, and section 2225 Ky. Statutes specially declares that the jailer shall discharge and perform all the duties and acts prescribed by law, but we find nothing requiring the jailer to attend either the regular or special terms of said courts, and section 1730 only provides that · for attending his pay shall not exceed $2.00 per day.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellant was elected jailer of Livingston county in 1897, and re-elected in 1901. He filed this suit on October 21, 1903, to recover of the county an account amounting to $904 for fees coming to him for special terms of the county and fiscal courts, alleging that the county judge failed to use the courtroom, in holding these special terms, without any legal reason, and held these terms in the county clerk's office or in the county judge's office, and thus prevented the plaintiff from giving his actual attendance upon these terms of court, though he was in daily attendance upon the courtroom and the courthouse; that in every instance the county judge opened the term of court without notifying him, and refused to use the courtroom for these special terms. The circuit court

sustained a demurrer to his petition, and he has appealed.

He relies upon section 1730, Ky. St., 1903, which is in these words: "The fees of jailors shall be as follows:

For attending county and quarterly courts, to be paid out of the county, levy, per day, not exceeding . . . $2.00. For furnishing fuel and lights to county and quarterly courts, a reasonable compensation, not exceeding $2.00 per day, to be paid out of the county levy. For putting a prisoner in irons, for an offense other than a felony or contempt, besides the cost of the irons, to be paid out of the county levy, . . . $0.50. For keeping and dieting prisoners in jail, when confined for an offense other than a felony or contempt of court, fifty cents per day, to be paid out of the county levy, unless confined for a breach of the by-laws or ordinances of a city or town, or for the violation of a statute, where the city or town gets the benefit of the fine; in that case to be paid by such city or town. For imprisoning and releasing a prisoner charged with a misdemeanor, sixty cents, to be paid out of the county levy, unless confined for a breach of the by-laws or ordinances of a city or town, or for violation of statute, where the city or town gets the benefit of the fine; in that case, to be paid by such city or town. And for imprisoning and releasing a prisoner charged with felony, sixty cents, to be paid out of the State treasury. For all other services performed by him, the same fees as sheriffs." This section must be read in connection with section 1749, which contains this provision: "No officer shall demand or receive for his services any other or greater fee than is allowed by law, or any fee for services rendered when the law has not fixed a compensation therefor, nor any fee for services not actually rendered." The meaning of section 1730 is that the jailer is to be paid, for attending county and quarterly courts, not exceeding

$2 per day, and for furnishing fuel and lights a reasonable compensation, not exceeding $2 a day, for putting a prisoner in irons or keeping a prisoner each day, 50 cents, or for imprisoning and releasing a prisoner 60 cents. But he is not to be paid for any of these things unless he actually renders the services. If he does not attend the county court, he can no more recover a fee therefor because the county judge did not notify him and give him an opportunity to attend than he could recover for fuel or lights if the county judge chose to hold the court in the dark or in a cold room and not have fuel or lights furnished. We know of no statute requiring the county judge to hold his special terms in the courtroom. The county judge's office is in the courthouse, and so is the county clerk's office. Both these offices are set apart for the public business, and we see no reason why the county judge may not hold his special terms at his convenience, either in his own office or in the county clerk's office. As a matter of fact, we know that this has been the universal custom throughout the State, which was, of course, well known to the Legislature, and its continued silence on the subject would certainly indicate that the practice was not disapproved. The county judge in holding his special terms, usually transacts only routine or *ex parte* business, and his office is large enough for this purpose without using the courtroom. When the county judge uses the courtroom, and the jailer in fact attends the court, he is entitled to his fee under the statute, but under the facts stated in the petition he is entitled to no fee for the 450-odd special terms of the court which were not held in the courtroom and which he did not attend.

Judgment affirmed.

Petition for rehearing by appellant overruled.