## Hickman County v. Jackson

(Decided May 6, 1913.)

### Appeal from Hickman Circuit Court.

1.  Courts—County Judge in Trial of Misdemeanor Cases—When Defendant in Jail—Sits Either as Judge of Quarterly or County Court.—A county judge in trying misdemeanor cases coming to

him from the circuit court where the defendant is in jail, sits either as the judge of the quarterly court or the county court.

2. Jailer—Attendance Upon County and Quarterly Courts—Compensation—Special Terms.—The jailer is entitled to compensation for attendance on terms of the county court or the quarterly court, which are held in the court room, but not for attendance on special terms held elsewhere, and he is entitled to compensation for attendance on the regular terms of the county or quarterly courts though not held in the court room, if he in fact attends.

3. Jailer—Attendance Upon Quarterly and County Courts—Compensation for.—The jailer is entitled for his attendance to not exceeding $2 a day, the amount to depend upon how long he attends and what he does.

4. Jailer—Attendance Upon Examining Trials—Compensation.—The jailer is not entitled to compensation for attendance at examining trials held by the county judge, as in holding these trials, the judge does not sit as a county or quarterly court.

5. Jailer—Attendance at Lunacy Inquests—Compensation for.—The jailer is entitled to compensation for attendance at inquests of lunacy held before the county judge if held in the court room and he in fact attends. The county judge in holding such inquests sits as a county or quarterly court.

6. Jailer—Allowances to Which Not Entitled—Recovery of—Pleading.—Money paid the jailer under previous allowances to which he was not entitled may be recovered by way of set off, but the facts must be pleaded showing that the money was improperly paid.

J. D. VIA and J. M. BRUMMAL, JR., for appellant.

W. J. WEBB for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

Mitt Jackson, the jailer of Hickman County, presented to the fiscal court for allowance a claim which may be summed up as follows:

To attending 96 trials of Commonwealth cases before the county judge at $2 a day..............$192
One civil case of Porter v. Beaver................. 2
Attending quarterly court six days............... 12
Attending county court seven days................ 14

For this claim the fiscal court allowed him $22, and he appealed from the order of the fiscal court to the Hickman Circuit Court. In the circuit court upon a trial of the case, the law and facts being submitted to the court, there was a judgment in favor of the jailer for the full amount of the claim. The county court appeals.

Section 1730 Ky. Stat., provides:

"The fees of the jailer shall be as follows:

"For attending county and quarterly courts, to be paid for out of the county levy, per day, not exceeding $2.

"For furnishing fuel and lights to county and quarterly courts, a reasonable compensation, not exceeding two dollars per day, to be paid out of the county levy."

It appears from the record that the Commonwealth cases referred to were either examining trials held by the county judge or trials of misdemeanors or inquests of lunacy. But how many of each there were does not appear. What the case of Porter v. Beaver was or where it was tried, does not appear. By section 109 of the Constitution, the judicial power of the Commonwealth is vested in the courts established by the Constitution and by section 135, no courts save those provided for in the Constitution, shall be established. By section 139 there shall be established in each county a court to be styled the quarterly court, the jurisdiction of which shall be uniform throughout the State, and shall be regulated by a general law . The judge of the county court shall be the judge of the quarterly court. By section 140 there shall be established in each county a county court to consist of a judge who shall be a conservator of the peace, and shall receive such compensation for his services as may be prescribed by law. By section 141 the jurisdiction of the county courts shall be uniform throughout the State, and shall be regulated by general law. Sections 1073, 1074, 1075, 1076, 1077 and 1093 Ky. Stat., provide:

"When any person charged with a misdemeanor shall be lodged in jail in default of bail, it shall be the duty of the jailer to at once notify the county judge and county attorney of the fact, if the court in which the prisoner has been indicted, or before which he has been ordered to appear, is not in session. (Sec. 1073).

"The judge shall thereupon direct the clerk of the circuit court to deliver to him a certified copy of the record in his possession by virtue of which the prisoner was arrested and detained, and shall, upon receiving such record, order the prisoner to be brought before him at the court house, and give notice of the fact to the county attorney, who shall prosecute. He shall give the accused notice of the charge against him, and proceed at once to try the case, or fix a day for its trial, and issue summons for such witnesses as may be needed by either party.

If the prisoner has no attorney, and is too poor to employ one, the court shall, at his request, appoint an attorney to defend him. (Section 1074).

"The trial and proceedings after judgment shall be' in all respects the same as if the case was tried in the circuit court. (Section 1075).

"If, at the end of any term of a circuit court, there shall be persons in jail under indictment for misdemeanor, the court shall make an order transferring all such indictments to the county court, and the circuit clerk shall, immediately upon the adjournment, furnish a copy of the record in such cases to the county judge, who shall proceed to try such persons as hereinbefore provided. (Section 1076).

"An appeal may be taken from the judgment of the county judge in misdemeanor cases as provided in the criminal code in appeals in misdemeanor cases. (Section 1077).

"Justices and quarterly courts and the judges thereof shall have jurisdiction exclusive of circuit courts in all penal cases, the punishment of which is limited to a fine not exceeding twenty dollars, and jurisdiction concurrent with circuit courts of all penal cases, the punishment of which is limited to a fine not exceeding one hundred dollars or imprisonment not exceeding fifty days, or both."

In Steinberger v. Miller, 29 R. 1132, the plaintiff had been put in jail under a capias issued by the county judge upon a judgment entered by him imposing a fine upon the plaintiff for a misdemeanor in a case which had been tried before him under the foregoing statutes. It was insisted that the statute was unconstitutional; that under the statute the jurisdiction is vested in the county judge as an officer and not in him as judge of the county or quarterly court. Denying this contention after pointing out that the county judge is the judge of the county as well as the quarterly court, we said:

"And as this same officer is authorized to hold two courts, and only two courts, he must exercise his jurisdiction, when exercised at all, while sitting as judge of one or the other of these courts."

It will be observed that by section 1076 Ky. Stat., it is the duty of the circuit court where at the end of the term persons are in jail under indictment for misdemeanor, to make an order transferring all such indict-

ments to the county court. The three sections of the statute are to be read together, and it will be observed that in all the other sections the county judge alone is referred to, and duties are imposed upon him. The meaning of the statute taken as a whole is that jurisdiction may be exercised by the county judge in this class of cases under sections 1073-1076 Ky. Stat., sitting either as the quarterly or county court.

In Threlkeld v. Livingston County Court, 118 Ky., 330, we had before us the liability of the county to the jailer for fees at $2 a day for special terms of the county court not held in the court room, and which the jailer did not · attend because the county judge did not notify him. Refusing a recovery, we said:

"If he does not attend the county court, he can no more recover a fee therefor because the county judge did not notify him and give him an opportunity to attend, than he could recover for fuel or lights if the county judge chose to hold the court in the dark or in a cold room and not have fuel or lights furnished. We know of no statute requiring the county judge to hold his special terms in the court room. The county judge's office is in the court house, and so is the county clerk's office. Both of these offices are set apart for the public business, and we see no reason why the county judge may not hold his special terms at his convenience, either in his own office or in the county clerk's office. As a matter of fact, we know that this has been the universal custom throughout the State, which was, of course, well known to the Legislature, and its continued silence on the subject would certainly indicate that the practice was not disapproved. The county judge, in holding his special terms, usually transacts only routine or *ex parte* business, and his office is large enough for this purpose without using the court room. When the county judge uses the court room, and the jailer in fact attends the court, he is entitled to his fee under the statute, but under the facts stated in the petition he is entitled to no fee for the 450-odd special terms of the court which were not held in the court room and which he did not attend."

It will be observed from the statute that the jailer is allowed not exceeding $2 a day for attending county and quarterly courts and a reasonable compensation for furnishing fuel and lights. Evidently the fuel and lights are to be furnished in the court room, and we think compensation for attendance should also be limited to courts

held in the court room. Much mere formal business is done by the county judge and it is often necessary to have a special term of the county court or quarterly court lasting only a few minutes, and when the court room is not used the jailer should not be paid for attending. The county judge is not required to notify the jailer when he will hold these special terms. The time for holding regular terms is fixed and the jailer takes notice when the regular terms are to be held. The statute contemplates the attendance of the jailer in the court room where he furnishes fuel and light. The statute also contemplates that the attendance of the jailer at the regular terms of the county and quarterly courts, shall be paid for, and the county judge cannot deprive him of the emoluments of his office by holding these terms elsewhere than at the court room, if he in fact attends. Our conclusions therefore may be summed up as follows: (1) Where the county judge holds a special term of the county court or the quarterly court in his office or in the clerk's office, the jailer is not entitled to any pay for attending the court. (2) If the county judge holds a regular or a special term of his court in the court room, the jailer should be paid for his attendance, if he in fact attends. (3) The jailer is entitled to pay for attending the regular terms of the county and quarterly court no matter where held if he in fact attends. (4) The trials of misdemeanor cases before the county judge as judge of the county or quarterly court, stand as any other trial in the county or quarterly court as to the jailer's right to compensation for attendance.

The statute provides that the jailer is to be paid for attending county and quarterly courts not exceeding two dollars a day. The statute does not provide that he is to have two dollars whenever he attends. He is entitled to a reasonable compensation for his atendance not exceeding two dollars, the amount of his compensation depending upon what he does, how long he attends and the like. There is nothing in the record as to these facts.

The record does not show whether the cases in contest were tried at a regular or special term of the quarterly court or where the terms were held, and the finding of the circuit court is equally indefinite.

As to the examining trials, a different principle applies. An examining trial is a mere preliminary investigation for the purpose of determining whether a prose-

cution shall be instituted in the circuit court. In holding such an examination the county judge sits merely as a committing magistrate, and he is not holding either the quarterly or the county court. The county judge is by the Constitution made a conservator of the peace. Under this power he may, as provided by the statute, hold an examining trial though not sitting as a county or quarterly court. There are a great many things that a judge may do, but in doing which he does not sit as a court. Thus, a circuit judge may in vacation discharge an attachment, grant or dissolve an injunction, hear a motion for bail, and take a number of like steps; but in doing these things he is not holding a circuit court. In like manner a judge of this court may, in vacation, extend the time for filing a petition for rehearing, or he may discharge or re-instate an attachment or dissolve or re-instate an injunction; but in doing these things he is not sitting as the Court of Appeals. The provisions of the Constitution to which we have above referred, were not intended to prevent judicial officers from exercising the powers necessary for taking the preliminary steps in an action or proceeding, and in fact some preliminary steps may be taken before a ministerial officer. The holding of an examining trial is not to be distinguished from the things we have mentioned, and the jailer is entitled to no compensation for services in attending upon examining trials held before the county judge; because in holding an examining trial he is holding neither a county nor quarterly court and under the statute, allowance may only be made to the jailer for attendance on county or quarterly courts.

It is suggested in the brief that a number of the cases were inquests of lunacy. An inquest of lunacy is a judicial determination of the status of the person charged with lunacy. He may be committed to an asylum and a committee may be appointed to take charge of his property. The inquest is conclusive of the condition of the lunatic's mind at the time, and is therefore a judicial proceeding. The judgment is final without further action by any court. We, therefore, conclude that in holding such an inquest the county judge holds it as the county or quarterly court, and if the inquest is held in the court room, the jailer should be paid; if not held in the court room he should not be paid. The record before us is not sufficiently definite to enable us to determine the rights of the parties under the principles we have

announced. The circuit court properly sustained the demurrer of the jailer to the set off pleaded by the county as that pleading was equally indefinite. If money has been paid the jailer under previous allowances to which he was not entitled, it may be recovered in this action by way of set off. But the facts must be pleaded so that the court may perceive from the pleading that the money was improperly paid.

Judgment reversed and cause remanded for further proceedings consistent herewith.