## Laurel County Fiscal Court v. Steele.

Feb. 11, 1941.

A. T. W. Manning and J. E. Walden for appellant.
C. R. Luker and S. E. Begley for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming in part and reversing in part.

W. H. Steele served as jailer of Laurel county during the years 1934, 1935, 1936, and 1937. On December 30, 1937, he filed with the fiscal court a claim for $2,240 which was itemized as follows: "(1) Rent for Jailer's residence, 48 months at $20.00 per month, $960.00; (2) heat and lights and water, for Jailer's residence, 48 months at $5.00 per month, $240.00; (3) for waiting on Court, 520 days at $2.00 per day, $1,040.00." On April 5, 1938, the entire claim was disallowed by the fiscal court, and Steele appealed to the Laurel circuit court. The county filed a demurrer to the claim which was sustained to so much of it as sought to recover $1,200 for rent, heat, light, and water for the jailer's residence. Judgment was entered in favor of Steele for $1,040 for waiting on the county and quarterly courts for 520 days at $2 per day. The county has appealed, and Steele has cross-appealed from so much of the judgment as denied him recovery for rent, heat, light, and water for the jailer's residence during his term of office.

As to the cross-appeal, little need be said. The residence occupied by the jailer during his term of office was not owned by the county, and, in the absence of an express contract to pay rent for the jailer's residence and to pay for the heat, light, and water, the county is not liable. Bath County v. United Disinfectant Company, 248 Ky. 111, 58 S. W. (2d) 239. The fiscal court, being a court of record, can only speak by and through its records, and there is no claim that its records show such contract was made. Section 3948 of the Kentucky Statutes requires the fiscal court to appropriate of the county funds a sum sufficient to purchase the labor and materials necessary to keep the jailer's residence in repair and in clean, comfortable, presentable condition and heat and light the same only if such residence is owned by the county. It follows that the circuit court properly sustained the demurrer to that part of appellee's claim.

Appellee claims that he attended county and quarterly courts 520 days during his four-year term of office, and that he is entitled to $1,040 for these services. Section 1730 of the Kentucky Statutes fixes the fees of a jailer "for attending County and Quarterly Courts, to be paid out of the County levy, per day, not exceeding Two Dollars ($2.00)." This section contemplates at-

tendance at special terms of county and quarterly courts held in the courtroom or regular terms wherever held. Hickman County v. Jackson, 153 Ky. 551, 156 S. W. 391; Threlkeld v. Livingston County Fiscal Court, 118 Ky. 330, 80 S. W. 1095. Appellee's claim does not disclose whether the alleged terms of court were regular or special or whether they were held in the courtroom, the county judge's office, the clerk's office or elsewhere. In Perry County v. McIntosh, Sheriff, 280 Ky. 223, 133 S. W. (2d) 90, the fiscal court of Perry County had allowed a claim in favor of the sheriff amounting to $396 for "waiting on quarterly court at $2.00 from April 5 to November 18th." It was held that a sheriff is not entitled, under the statute fixing his fees, to $2 per day for waiting on quarterly court, but, even if the claim be construed as one for attending sessions of the county court, it should not have been allowed since it did not appear that he attended regular sessions of that court. In the course of the opinion it was said:

> "In many counties the county judge follows the custom of keeping the order book open for the entry of orders throughout the month by entering a daily order of adjournment. It was not the intention of the Legislature, in enacting Section 1726, to allow the sheriff $2 for attending sessions of the county court when only routine orders are entered on the order book. It is only when a regular session of the court presided over by the county judge for the transaction of business is held that the allowance should be made."

The same rule applies to jailers except that they are entitled to an allowance for attending special sessions of court held in the courtroom. The list furnished by the appellee with his claim consists merely of names of prisoners, the offenses with which they were charged, and the dates. Most of the offenses charged were minor misdemeanors. Whether the prisoners were taken out of jail for trial, dismissal or some routine purpose does not appear. It may be that in many instances only a few minutes of the jailer's time was consumed. The statute does not contemplate that he shall be paid $2 in such cases, but the amount to be allowed is a matter within the discretion of the fiscal court and it is entitled to information which will enable it to exercise its discretion fairly and intelligently. The following from Hick-

man County v. Jackson, supra, [153 Ky. 551, 156 S. W. 393] is applicable here:

"The statute provides that the jailer is to .be paid for attending county and quarterly courts not exceeding $2 a day. The statute does not provide that he is to have $2 whenever he attends. He is entitled to a reasonable compensation for his attendance not exceeding $2, the amount of his compensation depending upon what he does, how long he attends, and the like. There is nothing in the record as to these facts. The record does not show whether the cases in contest were tried at a regular or special term of the quarterly court or where the terms were held, and the finding of the circuit court is equally indefinite."

The claim filed with the fiscal court by appellee failed to furnish information sufficient to authorize its allowance, and the fiscal court properly rejected the claim. It follows that the circuit court erred in overruling the demurrer to this part of the claim and entering judgment in favor of the jailer.

The judgment is affirmed on the cross-appeal and reversed on the original appeal for further proceedings consistent herewith.