**Millard SMITH and Offia Carpenter, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 15, 1962.

tried Millard Smith and Offia Carpenter on a warrant charging them with contributing to conditions which caused five children (named Carpenter) to become delinquent or neglected "contrary to KRS 199.320." They were adjudged guilty and fined $100 each and sentenced to serve sixty days in jail. KRS 199.990(3). The defendants appealed to the Circuit Court. The appeal was dismissed on the ground that the defendants "neither filed their motion for an appeal supported by an affidavit of merits." The defendants have moved for an appeal to this court from that order. Section 348, Cr.Code of Practice.

Section 362, Cr.Code of Practice, provides for an appeal from the "Juvenile Session of the County Court" to the Circuit Court by filing the transcript of the record in the office of the circuit court clerk "accompanied by a motion for an appeal, supported by an affidavit of merits, signed by the appellant." The appellants did not follow that course but appealed in the manner provided for ordinary criminal cases in § 364, Cr.Code of Practice.

Confusion exists in the present statutes relating to child welfare because of numerous amendments without complete and logical correlation. The statute penalizing adults for contributing to the delinquency or neglect of a child continues in a chapter of the statutes relating to child welfare. But the statute relating to "juvenile courts" and the commitment and care of children has been materially revised and re-enacted. It is now Chapter 208, KRS, while several provisions dealing with the same general subject remain as part of Chapter 199.

Elmer Cunnagin, Sr., McKee, for appellants.

John B. Breckinridge, Atty. Gen., Ronald M. Sullivan, Asst. Atty. Gen., Frankfort, for appellee.

STANLEY, Commissioner.

The Judge of the Jackson County Court, sitting as Judge of the Quarterly Court,

Wooton v. Commonwealth (1934), 255 Ky. 810, 75 S.W.2d 556, was an appeal from a judgment of a circuit court which dismissed an appeal by a child from a judgment of the county court, sitting in juvenile session, that he was a delinquent. We noted that prior to 1932 there was no provision for an appeal from a judgment of the county court in cases of that character, but that the amendment in that year of § 362 of the

Criminal Code of Practice authorizing an appeal from the "juvenile session of the county court to the circuit court" (above summarized) had the effect of depriving a county court of exclusive jurisdiction of delinquent children as theretofore stated in § 331g–3, Ky.Stats., now KRS 199.990(2) (c). We construed the law as amended (really an amendment of § 364) to be that such jurisdiction meant "exclusive original jurisdiction" in the matter of delinquent children, and vested appellate jurisdiction in the circuit courts for a de novo trial. The effect was to render ineffectual Commonwealth v. Youngblut (1914), 159 Ky. 87, 166 S.W. 808, holding that there could be no appeal in juvenile delinquency cases.

In the amendment and revision in 1952 (Ch. 161, Acts of 1952) of the statutes relating to jurisdiction, procedure and judgments of the county courts sitting in juvenile sessions, the law was set up as a separate chapter, and the provisions which related to the mistreatment, employment and care of children by adults were left unchanged. The present KRS 199.320, under which the appellants were convicted, was an amendment enacted in 1954 (Acts, Ch. 193). The amendment, however, only made the statute more definite and stringent.

■ Chapter 208 of the statutes covers comprehensively the whole subject of "Commitment and Care of Children." KRS 208.020 declares "The juvenile session of county court of each county shall have exclusive jurisdiction in proceedings concerning any child," under certain circumstances and with exceptions not material here. In the several revisions, as stated, the law dealing with adults contributing to the delinquency of children is not embraced in this chapter of the statutes. It is now separate and distinct and covered by several sections of Chapter 199 which have no relation to juvenile courts. However, there remains (like a vermiform appendix in the human body) the provision in KRS 199.990(2) (c) that "county courts shall have exclusive jurisdiction of all prosecutions under KRS 199.320." And that is recognized in KRS

25.010 in defining the jurisdiction of county and quarterly courts. That was originally part of the so-called juvenile court act. The effect of the amendments and changes in the statutes is that the term "county court" as used in KRS 199.990(2) (c) no longer means the juvenile session of the county court.

■ We come to the distinction, if any, between a "county court" and a "quarterly court." Both courts are constitutional tribunals and presided over by the county judge. Section 139, Constitution. The organization, terms and procedure of quarterly courts are prescribed by KRS 25.450 et seq. Both courts have the same jurisdiction of prosecutions for criminal offenses. KRS 25.010.

In Steinbergen v. Miller, 29 Ky.Law Rep. 1132, 96 S.W. 1101, a person was arrested on a warrant and tried for a misdemeanor by the county judge and a jury. All the proceedings, including the judgment, were signed as judge of the quarterly court. The action appealed to this court was a suit for false imprisonment based on the ground that the judgment was null and void because jurisdiction of the offense was specifically lodged in the "county judge" as a magistrate and not as presiding judge of the quarterly court. We held that it is wholly immaterial on the trial of misdemeanor cases whether the judge styles himself as "judge of the county court" or "judge of the quarterly court" or simply as county judge, so long as the one charged with the misdemeanor is tried before the officer holding the commission as county judge. Accordingly, it was held that the prosecution had been conducted in the manner and form that the law directed, and "that the judgment rendered therein on the verdict of the jury was a good and valid judgment, and as binding upon defendants as though the proceedings had been in the name of the county judge alone, without designating either of the courts."

Hickman County v. Jackson, 153 Ky. 551, 156 S.W. 391, involved fees of a jailer for

attending county and quarterly courts and sessions held by the county judge alone. We held that the meaning of the related statutes is that jurisdiction may be exercised by the county judge in criminal cases "sitting either as the quarterly or county court."

■ We are of opinion that the appeal in this case to the circuit court, which was in the manner and form prescribed for appeals in the usual misdemeanor cases, was erroneously dismissed on the ground assigned.

Judgment is reversed.

MONTGOMERY, Judge (dissenting).

I respectfully dissent from the majority opinion on the ground that the judgment rendered by the Jackson Quarterly Court is void for lack of jurisdiction. KRS 199.990 (2) (c) places the exclusive jurisdiction of violations of KRS 199.320 in the county court. KRS 25.010, governing the general criminal jurisdiction of county, quarterly, and justice's courts, excepts KRS 199.990 from the general jurisdiction of those three courts, thus recognizing that the county court has exclusive jurisdiction over violations of KRS 199.320. This is consonant with the thought that the county court should have jurisdiction of matters involving juveniles.

The majority opinion does not give full recognition to this exception. Steinbergen v. Miller, 29 Ky.Law Rep. 1132, 96 S.W. 1101, cited as authority, dealt with a matter within the general criminal jurisdiction of the three courts and was not concerned with the exclusive jurisdiction granted the county court under KRS 199.990(2) (c).

The Jackson County and Quarterly Courts are two entirely separate and different courts, with different meeting times, and with records kept in different offices. The fact that the same person presides over both courts is unimportant. The same person also presides over the Jackson Fiscal Court. For historical differences, see Brown v. Hoblitzell, Ky., 307 S.W.2d 739.

For these reasons, I feel that the Jackson Quarterly Court had no jurisdiction of the offense, and the judgment was void.