## Pennsylvania National Mutual Casualty Insurance Company v. J.C. Penney Insurance Company

*F. Lee Shipman*, for petitioner.
*Lark & Makowski*, for respondents.

CALDWELL, *J.*, June 29, 1978—This matter is before us on a petition for declaratory judgment in which we are called upon to construe section 204 of

the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq., which provides as follows:

"§204 Source of basic restoration benefits

"(a) Applicable security.—The security for the payment of basic loss benefits applicable to an injury to:

"(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle *furnished by such employee's employer*, is the security for the payment of basic loss benefits covering such motor vehicle *or, if none*, any other security applicable to such victim;

"(2) an insured is the security under which the victim or deceased victim is insured;

"(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

"(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

"(5) any other individual is the applicable assigned claims plan.

"(b) Multiple sources of equal property.—If two or more obligations to pay basic loss benefits apply equally to an injury under *the priorities* set forth in subsection (a) of this section, the obligor against

whom a claim is asserted first shall process and pay the claim as if wholly responsible. Such obligor is thereafter entitled to recover contribution pro rata from any other such obligor for the basic loss benefits paid and for the costs of processing the claim. If contribution is sought among obligors responsible under paragraph (4) of subsection (a) of this section proration shall be based on the number of involved motor vehicles." (Emphasis supplied.)

The facts are not in dispute. On March 12, 1976, Miss Kyle Kauffman was seriously injured in a one vehicle accident while returning home from a girl scout function. The vehicle in which she was a passenger was an International Scout, owned by Kauffman Mechanical, Inc., a family corporation owned by Miss Kauffman's father, Ned P. Kauffman, his father and brothers. The vehicle was being operated at the time of the accident by Miss Kauffman's mother, Mrs. Marilyn Kauffman, the wife of Ned P. Kauffman. Although permission had been obtained to use the vehicle, the trip was not in furtherance of the business of Kauffman Mechanical, Inc. Kyle Kauffman resided in the same household with her parents. The Scout vehicle was insured by petitioner, Pennsylvania National, under a Commercial General—Automobile Liability policy in which Kauffman Mechanical, Inc. was the named insured. The vehicle was used primarily for business purposes, though on occasion it was provided for Mrs. Kauffman's personal use.

At the time of the accident, Mr. and Mrs. Kauffman were owners of a 1965 Fiat automobile which was also insured by petitioner, Pennsylvania National, under a private passenger automobile policy. In addition Mr. Kauffman owned a 1969 Avanti and was the named insured under a policy

issued by Educators and Executives Insurers, Inc., which company has since been acquired by respondent, J.C. Penney Insurance Co. All three policies contain a personal injury protection endorsement in accordance with the requirements of the Pennsylvania No-fault Act.

Pennsylvania National was presented with a claim for no-fault benefits by the Kauffmans on behalf of their daughter and it has made payment under the policy issued on the Fiat, alleging that under the circumstances surrounding the accident, section 204(a)(2) of the act applies and it is entitled to contribution from Penney under section 204(b) for 50 percent of all past and future basic loss benefits paid. Penney contends that section 204(a)(1) requires payment to be made under the policy on the Scout vehicle and that no contribution is involved.

The question presented is one of first impression and we have concluded that Penney's position is correct and Pennsylvania National's claim for contribution cannot be sustained.

When considering section 204 in its entirety, it is apparent that the legislature intended to arrange a system of priorities to be followed in situations where two or more policies might be applicable. This is consistent with the policy stated in section 102 of the act: " . . . there should be uniformity as to the essential elements of the system of motor vehicle accident and insurance law to avoid confusion, complexity, uncertainty, and chaos which would be engendered by a multiplicity of noncomplementary systems . . . " 40 P.S. §1009.102(a)(8).

Paragraph (1) of subsection 204(a) provides that a victim injured while occupying a vehicle furnished by his employer (or the employer of his

spouse or the employer of a relative residing in the same household) must look first to the security covering such vehicle for basic loss benefits. Only if that vehicle is uninsured is any other security applicable. See Pennsylvania Bar Institute Publications no. 61, entitled No-fault Motor Vehicle Insurance Act, at page 63 (1975). In the instant case, because Miss Kauffman's injury occurred while occupying a vehicle supplied by her father's employer, the Scout policy is the security for basic loss benefits. Subsection 204(b) applies only where "two or more obligations to pay basic loss benefits apply *equally* under the priorities set forth in subsection (a). . . . " Thus, because coverage under the insurance on the Scout is the only coverage under paragraph (1), no contribution is available for benefits paid pursuant to that policy. The policies on the Fiat and the Avanti fall in the second level of security for the payment of benefits under section 204(a)(2) of the act, and were it not for the result required by section 204(a)(1), then petitioner and respondent would indeed share in paying the basic loss benefits.

In attempting to exclude the situation from the provisions of the first category of priority, Pennsylvania National argues that the word "furnished" as used in that paragraph, should be interpreted to read "supplied in furtherance of the employer's business." In this event the classification would not apply, the Fiat and Avanti policies would be equally applicable under paragraph (2), and contribution would be due under 204(b).

It is fundamental that in construing a statutory enactment words and phrases are to be given their ordinary meanings: 1 Pa.C.S.A. §1903(a). Black's Law Dictionary defines "furnish" as follows: "To

supply or provide. Talbott v. Caudill, 58 S.W. 2d 385, 248 Ky. 146. . . . To deliver, whether gratuitously or otherwise. Delp v. Brewing Co., 123 Pa. 42, 15 A. 871 . . . To supply or provide in any way other than by sale. State v. McDermott, 108 Vt. 58, 182 A. 191, 192."

Had the legislature intended another definition of "furnish" we believe that meaning would have been spelled out in more detail. By construing the word in accordance with its usual meaning we are promoting the purposes of the no-fault law by eliminating uncertainty as to the applicable policy and speeding the payment of benefits to an accident victim. See 40 P.S. §§1009.102(a)(8) and 1009.102(b). Were it necessary in these cases to determine whether the vehicle was being used in furtherance of the employer's business at the moment of an accident, the purposes and scheme of the act would, in our judgment, be compromised.

Another reason suggested by Pennsylvania National for excluding coverage under the policy on the Scout vehicle is that the statute requires *Mrs. Kauffman* to be an employe of Kauffman Mechanical, Inc. in order for subsection (1) to be operative. As interpreted by Pennsylvania National, subsection (1) covers an injury to a relative who resides with an employe, if the injury occurs while the injured person is occupying a motor vehicle furnished "by such employee's employer." Since Mrs. Kauffman is not an employe it is suggested the section has no applicability. However, there is no requirement that the vehicle be operated at the time by the employe, and the status of the *driver* is not a relevant consideration. As we construe section 204 the sole and controlling factors are whether the victim is occupying an insured vehicle

furnished by an employer and whether the victim is within the group protected by subsection (1), which includes not only an employe, but also his spouse and children residing in the employe's household.

We conclude petitioner is not entitled to the judgment sought and that relief must be denied.

### DECREE NISI

And now, June 29, 1978, the petition of Pennsylvania National Mutual Casualty Insurance Company for declaratory judgment is denied.

The prothonotary shall notify the parties or their attorneys of the entry of this decree nisi and if no exceptions are filed hereto in accordance with applicable rules of civil procedure within the time allowed a final decree shall be entered upon request of the respondent.