## Turner *vs* Commonwealth.

BASTARDY.

ERROR TO THE GARRARD COUNTY COURT.

*Case* 66.

*Bastardy. County Court. Limitation.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

*April* 24.

A PROCEEDING, under the bastardy act of 1795, having been dismissed by the County Court, on the ground that the mother had compromised the matter with the party charged with being the father of her illegitimate child, this Court reversed the order of dismission, and decided, for reasons suggested in the opinion reported in 4 *Dana.*

The case stated.

511, that no contract between the mother and putative father of a bastard child could deprive the County Court of its statutory authority to proceed to an order of filiation in a case initiated by the mother, according to the statute.

Judgment of the County Court.

After the return of the case, *Turner*, the party charged, appeared and was recognized *in invitum*, successively, for several terms of the County Court, to appear and answer the charge, the mother being unwilling and obstinately declining to appear and testify against him, until finally, her appearance being at last coerced, the case was tried and he was adjudged to be the father of her female child, then about nine years old, and required to secure $20 a year, for five years, as a contribution for the child's maintenance.

He seeks a reversal of that sentence, on various grounds, but we perceive no substantial error in the record.

County Ct's may continue bastardy cases for good cause.

1. As virtually decided in the former opinion, *supra*, the County Court had authority to continue the case in the absence of the mother, who had been cited to appear; and, as *Turner* himself probably induced her contumacy, he seems to have no just cause to complain of the persevering refusal by the County Court to dismiss the procedure, either at her instance or in consequence of her non-appearance or apparent abandonment of her own rights under the statute.

No statutory limitation to proceedings for bastardy.——Though bastard child may be of ability to support itself, yet the County Court may bind the putative father to pay for its comfort, education, and security, a reasonable sum in their discretion.

2. There is no statutory limitation applicable to such a proceeding. Only about five years had elapsed from the birth of the child to the date of the warrant, and which, *per se*, would be insufficient to authorize any conclusive presumption against the truth of the charge. And though the child may now be old enough to earn a maintenance by service, under judicious tutelage, still the father is even yet under a civil as well as natural obligation to contribute to her comfort, education, and security, as much at least as has been adjudged against him, especially as it does not appear that he has hitherto made any contribution.

Objeection to the jurisdiction of the County C't,

3. The omission to prove the residence of *Turner, at the date* of the warrant, was immaterial. His domicil, at

that time, was material only so far as he had a right to being proceeded against in any other county than that of his residence. This right was personal merely, and therefore, his failure to object to the jurisdiction of the *Garrard* County Court, either implied the fact that would have made any such objection unavailing, or waived, as in such a case he might waive his right to object to being tried in that Court.

4. Although there seems to have been no positive proof of the indispensable fact that the mother was, *at the child's birth*, a single woman, yet we are clearly of the opinion that the history of the case and incidential circumstances, even waiving the personal knowledge of the county justices, conduced sufficiently to the conclusion that she was then unmarried.

5. The affidavit for a continuance was clearly insufficient. It evinced either contrivance or culpable negligence. It did not suggest why the *subpœna* had not been issued until the day before that of the trial; nor whether the mother's declarations, to be proved by the absent witness, were made before or after the compromise; nor whether, in fact, the absent witness would prove any such declarations; and moreover, the mother, herself, testified on her examination, that she had made such declarations, so that we presume *Turner* could not have been prejudiced by the absence of his witness by whom he "expected" to prove only the same fact:

6. We are of the opinion that the facts authorize the deduction that *Turner* is the father of the child.

The foregoing, being the only material points presented for revision, we are of the opinion that there is no ground for reversal, and, therefore, the judicial sentence, sought to be reversed upon the writ of error, must be affirmed.

*Bradley* for plaintiff: *Cates, Atto. Gen.* for Commonwealth.

---

**Margin notes:**

TURNER
*vs*
COMMONWEALTH

on account of defendants residence, cannot be first made in the C't of Appeals.

In the absence of *positive* proof of the fact, this C't may presume, from the incidental circumstances in the record and evidence, that the mother of the child was a single woman.