CHIEE JUSTICE DUVA1L
delivered the opinion op the oodkt:
Taphorn was accused by Theresa Huker of being the father of her bastard child. At the April term 1860, of the Kenton county court, he was put on trial, but the jury failing to agree, were discharged, and Taphorn, with the present ap-pellees as his sureties, entered into a recognizance in the sum of $300, “to be due upon the failure of said Clement Taphorn to appear at the next regular term of this court in Covington, to answer said charge.” Such is the recital contained in the order of court, .the recognizance bond not being in the record. At a subsequent term the recognizance was declared forfeited, and the sureties having been summoned, judgment was rendered against them for the $300. They appealed to the Kenton circuit court, and that court rendered a judgment quashing the summons which had issued by order of the county court, and dismissing the case at the cost of the plaintiff. To reverse that judgment she has appealed.
The only question to be decided is whether the Kenton circuit court had jurisdiction of the appeal from the judgment of the county court.
The law has given to this court appellate jurisdiction over the final orders and judgments of all other courts of this com *72 monwealth, subject to certain exceptions. Among these exceptions is the class of cases in which the judgment or order is by the county court, and an appeal is given to the quarterly or circuit court. (Code, sections 15, 16.)
The cases in which appellate jurisdiction is given to the circuit courts over the final orders and judgments of the county courts, are enumerated in section 20. It will be seen at a glance that this enumeration does not embrace the present case, which is simply a personal judgment for money. An appeal from such judgment is therefore exclusively cognizable by this court.
It is obvious that the circuit court erred in assuming jurisdiction to render the judgment complained of, and it is therefore reversed, and the cause remanded with directions to dismiss the appeal.