CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court.
Mary Scott, in the name of the commonwealth, sued out a warrant of bastardy, charging Presly Kendall with *95 being the father of her illegitimate child; and, upon arrest, he entered into a recognizance in the penalty of four hundred dollars, with John C. Trebble and others as his securities, before the county judge, conditioned that said Kendall “shall make his appearance on the first day of the Nicholas County Court, and to abide by and perform the judgment of said court.”
He did appear, and contested the right of recovery; but he was adjudged to pay twenty-five dollars semiannually for eight years to support the child, and to secure the same by bond and security, which he failed to give, and was thereupon committed to the county prison, to remain until he did so or was legally discharged. He then gave the county attorney the requisite notice of insolvency, and, having made the proper oath, surrender, etc., was discharged twenty days thereafter.
Subsequently a notice was given, and a motion made in the county court, to take said recognizance as forfeited, and for judgment thereon, which was resisted, and which the county court refused, and, on exception, certified the evidence presented by each party. This appeal is prosecuted to reverse that judgment of the county court, and we are met with a plea of want of jurisdiction at the threshold.
By section 15, Civil Code, this court is given jurisdiction over the final orders and judgments of all other courts of this commonwealth, subject to the exceptions in the next section. By section 16, where an appeal is given to the quarterly or circuit court from the judgment of quarterly, county, police, city, mayors’, or justices’ courts, the appellate court has no jurisdiction.
By section 20, as it originally stood, no appeal was given to the circuit courts in bastardy cases; consequently an appeal directly to this court, under section 15, to correct *96 the errors of the county courts in this particular class of cases was the only remedy.
And upon these sections of the Code, as originally enacted, this court, in Commonwealth v. Taphorn, &c., 4 Met. 71, decided that the circuit court had no appellate jurisdiction in such cases, and reversed the circuit court judgment rendered on an appeal from the county court; but this was soon after the amendment of March 1, 1860, to .section 20, Civil Code, and which was not then published or noticed by this court.. By said amendment appellate jurisdiction was given to circuit courts over “the judgments and final orders of the county courts in cases of bastardy.” June 5, 1865, the bastardy laws were revised and amended. (Myers’s Supplement, 62.)
By section 12 of said enactment the father perhaps may prosecute an appeal directly from the county court judgment to the appellate court; but if so, as said by this court in Lewis v. Commonwealth, 3 Bush, 541, this “should not be construed as repealing the amendment to section 20, Civil Code, as the two enactments are not inconsistent, and may be construed to stand together, and as authorizing the dissatisfied party to appeal to the circuit court; and this construction becomes the more potent when it is considered that an appeal is provided by the enactment of June 3, 1865, to the adjudged father alone.”
The language of the amendment to section 20 of the Code is, “in cases of bastardy” the circuit courts shall have appellate jurisdiction; and this language embraces all the collateral and ancilliary remedies to perfect and secure the judgment in the main and essential suit to fix the reputed father’s liability.
It is apparent, upon this analysis of the several sections of the Civil Code, and the enactment of June 3, 1865, that *97 an appeal by the commonwealth was only allowable to the circuit court in the first instance, and not to this court.
As this court has not jurisdiction to try the appeal from the county court, it will refrain from expressing any opinion on the merits: merely remarking that some rather difficult and by no means clearly-solved questions arise upon the proper construction of the statute of 1865, and the covenants of the recognizance which a county court might not be expected fully to comprehend and correctly adjudicate.
Wherefore the appeal is dismissed, the circuit court and not this court having jurisdiction on appeal from the county court.