ELIZA EDNA OVERLOCK *vs.* MELVIN R. HALL.

Waldo.    Opinion February 25, 1889.

*Bastardy.    Child as evidence.    Burden of proof.    Notice to produce.    Practice.*

Where the adverse party or his counsel has a letter with him in court, he may be called on to produce it, without previous notice, and in the event of his refusing, the opposite party may give secondary evidence.

In a bastardy suit, the burden of proof to establish the paternity of the child, is on the complainant.

In such a suit, the child cannot be exhibited to the jury, as evidence, that the defendant is its father.

ON EXCEPTIONS.

This was a complaint in bastardy. The verdict was for the defendant.

From the bill of exceptions it appeared, that the presiding justice allowed the defendant, against the objection of the plaintiff, to give the contents of a certain letter, by secondary evidence, when no notice had been given before the trial began, to produce the same. It appeared that the letter in question was in court, in the hands of the plaintiff's counsel, and while the trial was in progress defendant's counsel gave notice to produce the same. The letter not being produced, the defendant was allowed to prove its contents by copy.

The plaintiff offered to show the bastard child to the jury, in evidence, and the presiding justice refused to have the child so shown for that purpose. The child was a little more than six months old at date of trial.

The presiding justice instructed the jury as follows, *    *    *    * "The burden of proof is on the complainant. She must

cause you to believe that with some strength of belief, and if upon the whole, you find that to be true, that he did beget that child, you are bound to say so. If you do not believe it, you are bound to say that. If you do not know what to do, if your minds are an entire blank, if the complainant by her evidence, has failed to cause you to believe that, then you are to say he is not guilty."

To the admission of the secondary evidence, against objection, the refusal to allow the said bastard child to be shown to the jury, in evidence, and these instructions to the jury the plaintiff excepted.

*T. P. Pierce, H. Bliss, Jr.*, with him, for complainant.

Admission of secondary evidence: Court rule, 27; *Emerson* v. *Fisk*, 6 Maine, 200. Wharton is in conflict with rule 27.

Exhibiting child in evidence: *Finnegan* v. *Dugan*, 14 Allen, 197; *Gilmanton* v. *Ham*, 38 N. H. 108. It was more than six months old.

*L. M. Staples*, for respondent.

Admission of secondary evidence: Notice given in season; evidence was by exact copy of letter.

Burden of proof: *Richardson* v. *Burleigh*, 3 Allen, 479; *Young* v. *Makepeace*, 103 Mass. 50.

Child in evidence: *Eddy* v. *Gray*, 4 Allen, 346; *Kenniston* v. *Rowe*, 16 Maine, 38. Infant was before the jury with its mother and putative father. Its physiognomy did not aid the jury. Evidence too uncertain, cannot be tested by reliable means. Parents and grandparents of both parties equally admissible *ad infinitum*. *Clark* v. *Bradstreet*, 80 Maine, 454.

WALTON, J. The exceptions state that the presiding judge, against the objection of the plaintiff, allowed the defendant to prove the contents of a letter by secondary evidence, when no notice had been given, before the trial began, to produce the letter. But the exceptions also state that the letter in question was in court, and in the hands of the plaintiff's counsel, and that while the trial was in progress, the defendant's counsel gave him notice to produce it, and that the letter not being produced, the

defendant was then allowed to prove its contents by secondary · evidence.

We think the ruling was correct. We understand it to be now settled law, both in England and in this country, that notice before the trial begins is not necessary when the writing is in court, and in the hands of the adverse party, or his counsel. The old authorities seem to doubt the propriety of such a relaxation of the rule. But Mr. Stephen, in his Digest of the Law of Evidence (Art. 68) says that such is now the settled law in England. And the plaintiff's counsel admits that the law is so laid down by Mr. Wharton in his work on evidence. And we quote the following statement of the law from Fisher's English Digest:

"The principle on which notice to produce a document is required by law, is merely to give a sufficient opportunity to the opposite party to have the document in court to produce if he likes, and so secure the best evidence of its contents, and if he does not, to enable his adversary to give secondary evidence. Therefore, where a party to a suit, or his attorney, has a document with him in court, he may be called on to produce it without previous notice, and in the event of his refusing, the opposite party may give secondary evidence." *Dwyer* v. *Collins*, 7 Exch. 639. And we find a similar statement of the law in the American Digest, citing *Anon*; Anth. (N. Y.) 199; *Brown* v. *Isbell*, 11 Ala. 1009; *Dana* v. *Boyd*, 2 J. J. Marsh, (Ky.) 587.

Our rule of court (Rule 27) establishes no new principle. It merely affirms a well settled rule of the common law. So held in *State* v. *Mayberry*, 48 Maine, 218. And it must be accepted and enforced with such limitations and exceptions as experience has shown to be reasonable and proper. Mr. Stephen, in his admirable condensation of the law of evidence (Article 68) states these exceptions as follows :—

Notice is not required in order to render secondary evidence admissible :—

1.   When the document to be proved is itself a notice.

2.   When the action is founded on the assumption that the document is in the possession or power of the adverse party and requires its production.

3. When it appears or is proved that the adverse party has obtained possession of the original from a person subpœnaed to produce it.

4. When the adverse party or his agent has the original in court.

The ruling that in a bastardy suit, the burden of proof is on the complainant, and the refusal to allow the child (then a little more than six months old) to be exhibited to the jury as evidence, were undoubtedly correct, and in accordance with the decisions of this court. *Knowles* v. *Scribner*, 57 Maine, 495; *Clark* v. *Bradstreet*, 80 Maine, 454.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.