## Commonwealth, By, et al. v. Smalling.

(Decided January 12, 1912.)

### Appeal from Monroe Circuit Court.

1. Appeals in Bastardy Cases.—Under section 978 of the Kentucky Statutes, the Commonwealth may prosecute an appeal to the Circuit Court from a verdict and judgment of the county court, which acquitted and discharged the defendant on his trial under a bastardy warrant in the county court.

2. Constitutional Law—Former Jeopardy.—Section 978 of the Kentucky Statutes, which allows an appeal to the Commonwealth to the Circuit Court, after the defendant has been acquitted of a bastardy charge in the county court, does not violate the constitutional provision, which declares that "no person shall, for the same offense, be twice put in jeopardy for his life or limb."

3. Bastardy Proceedings.—The proceedings in a case of bastardy, cannot be considered as a criminal prosecution, neither is the order for the maintenance of the child in the nature of a penalty; it is a civil proceeding, although it proceeds in the name of the Commonwealth, and under the statute, the offender is subject to arrest.

BAIRD, RICHARDSON & SUMMERS for appellant.

GOAD & OLIVER for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

On November 19, 1910, the appellee, M. E. Smalling, was arrested under a bastardy warrant, which had issued upon the affidavit of Essie Shaw, charging him with being the father of her illegitimate child. The case was tried at the December term of the Monroe Circuit Court, by a jury, which found appellee not guilty; whereupon the Commonwealth, by Essie Shaw, prosecuted an appeal to the Monroe Circuit Court. When the case came on for trial at the April term, 1911, of the Monroe Circuit Court, it was, on motion of the appellee, dismissed by the circuit judge, for the reason assigned by him, that no appeal lies on the part of the Commonwealth in bastardy proceedings from the county court to the circuit court. From that ruling the Commonwealth appeals.

Appellee contends that the judgment of the circuit judge should be sustained upon two grounds: (1) that the statute authorizing an appeal in bastardy cases applies only to defendants; and, (2) that if the statute be broad enough in its terms to authorize such an appeal, the Legislature was without authority to pass such a statute, since it is in violation of that provision of the Bill of Rights, which provides that "no person shall, for the same offense, be twice put in jeopardy for his life or limb."

1. Section 978, of the Kentucky Statutes, provides, among other things, as follows:

"Appeals may be taken to the circuit court—from all judgments of the county court where the amount in controversy is over fifty dollars exclusive of interest and costs, and from all judgments and orders of said court in cases of bastardy, &c."

This section of the statute is certainly broad enough to authorize an appeal by either party in a bastardy case, since it provides that such an appeal may be taken from all judgments and orders in such cases. If it had been intended to limit the right of appeal to the defendant, different language would have been used.

Furthermore, section 173 of the Kentucky Statutes, found in the chapter entitled "Bastardy," reads as follows:

"If the finding of the jury shall be in favor of the accused, he shall be discharged, unless there be a motion for a new trial, in which case he shall be held until such

motion shall be disposed of; and if a new trial is granted, the same course shall be pursued toward the accused as in case of continuance.''

We are clearly of opinion, therefore, that the statute is broad enough to authorize an appeal by the Commonwealth.

A similar ruling, under a statute substantially the same as the one before us, was made in Commonwealth v. Kendall, 6 Bush, 96.

2. It is insisted, however, that the Legislature was without power to authorize an appeal after the defendant has been found not guilty, and discharged in the county court, because it is prohibited by the constitutional provision, which declares that ''No person shall, for the same offense, be twice put in jeopardy for his life or limb.'' This question was discussed somewhat at length in the response of this court to the petition for a rehearing in the late case of the Commonwealth v. Prall, 146 Ky., 109, where we held that the constitutional provision above quoted was not violated by a proceeding which was, in substance, a civil action, for the recovery of a fine only. If this proceeding, therefore, is substantially a civil action, the statute granting an appeal to the Commonwealth after an acquittal of the defendant does not violate the constitutional prohibition above quoted.

In Schooler v. Commonwealth, Litt. Sel. Cas., 91, this court said:

''The proceedings in the case of bastardy, can not be considered as a criminal prosecution; nor the order for the maintenance of the child, in the nature of a penalty. The true object of the law seems to be, to enforce upon the unfeeling father, the performance of a natural duty, for the easement and benefit of the mother, at whose instance only, can the prosecution be instituted or carried on.''

And in Commonwealth v. Williams, 1 J. J. M., 310, the county court having undertaken, after trial and judgment against the defendant, ''to dismiss all further proceedings therein,'' the Court of Appeals, in reversing the order and remanding the case, used this language:

''The object of requiring the bond, is not to exempt the county or the State from the maintenance of the bastard, as a pauper; it is to benefit and assist the mother, and to enforce on the father, a natural obligation, to sustain his own offspring, and all proceedings for this end, are civil and not criminal.''

In Scantland v. Commonwealth, 6. J. J. M., 585, the court said:

"If a statutory proceeding against the putative father of a bastard child were in the nature of a criminal prosecution, there could be no doubt the constitution would entitle the party proceeded against to a jury. But this court decided in the case of Schooler v. Commonwealth, that such a proceeding is not criminal but civil, for the benefit of the mother rather than the Commonwealth."

In Burgen v. Straugham, 7 J. J. M., 583, the court further said:

"The object of the statute of 1795 is to secure, in a summary mode, a natural right, and to enforce a natural obligation. If the father fail to maintain his bastard child, the burden devolves on the mother. He is under an obligation, therefore, to both the mother and the child; and the act of 1796 has given her the right to compel him, if she choose to do so, to maintain, or assist her in maintaining their illegitimate offspring. This statutory right is clearly a civil right, and the remedy prescribed, though anomalous, is a civil remedy. The proceeding is not in the nature of a criminal or public prosecution, for a public wrong; nor is there anything in it that should be deemed penal."

In Chandler v. Commonwealth, 4 Met., 69, it was held that a bastardy action is a special proceeding in a civil case; that it is not a criminal, but a civil proceeding, the chief object of which is to benefit the mother and child.

In Head v. Martin, 85 Ky., 483, we said:

"A bastary proceeding is, under our law, a civil one, yet it proceeds in the name of the Commonwealth, and under our statute, the offender is subject to arrest."

See also Hamilton v. Commonwealth, 3 T. B. M., 212; Francis v. Commonwealth, 3 Bush, 4; 5 Cyc., 644; 3 Am. & Eng. Ency. of Law, 2nd Ed., 874.

Neither can it be contended that the defendant in a bastardy proceeding is to be punished by imprisonment in the ordinary acceptation of the criminal law; since he can, in such a case, relieve himself from the imprisonment by paying the debt, or by taking the insolvent debtor's oath. Ky. Stats., 175. In bastardy proceedings, if the finding of the jury be against the accused, they shall find what sum he shall pay per year, and for the number of years, for the support of his child. Ky. Stats., 174. The recovery, therefore, being a mere money

judgment, the proceeding is, in reality, a civil action, and not a criminal prosecution. In such a case there is no constitutional inhibition against the Legislature allowing the Commonwealth an appeal to a superior court, for the purpose of revising a judgment which has been improperly awarded, and by which the accused was improperly acquitted.

We are, therefore, of opinion, that the Monroe Circuit Court had jurisdiction of the appeal from the county court, and that the order dismissing the action was erroneous.

Judgment reversed, and cause remanded for further proceedings.