WILLIAM MILLER v. STATE OF NEBRASKA.

FILED JUNE 23, 1919.   No. 20939.

1. **Criminal Law:** VARIANCE. A conviction under section 8767, Rev. St. 1913, defining adultery, will not be set aside because the charge was that the accused, being an unmarried man, had sexual intercourse with the prosecuting witness, a married woman, when the evidence showed that the accused was a married man and the woman a married woman. The variance, if any, would be harmless error.

2. ————: EVIDENCE. The charge being sexual intercourse in circumstances constituting adultery, which the defendant denied, the state was permitted, over the objection of defendant, to introduce his alleged child in evidence; the man being colored and the woman and her husband white. *Held*, not error. In the circumstances of the case, the evidence was properly admitted as bearing upon the question whether the accused had sustained improper relations with the prosecuting witness.

3. **Adultery:** EVIDENCE: CORROBORATION. Evidence examined, and *held* that the evidence of the prosecuting witness was sufficiently corroborated.

ERROR to the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*R. J. Green,* for plaintiff in error.

*Clarence A. Davis, Attorney General, John B. Barnes* and *George W. Ayres, contra.*

CORNISH, J.

Defendant (plaintiff in error), convicted of adultery, appeals.

A variance is urged as follows: The charge was that the defendant, ''being an unmarried man,'' had sexual intercourse with the prosecuting witness, a ''married woman.'' It is urged that the conviction must be set aside because the evidence indicates that at the time defendant was a ''married man.'' It will be observed that the variance urged is quite technical, because, from a moral standpoint, if he were in fact married, the greater the offense. The statute (Rev. St. 1913, sec. 8767), in defining adultery, in one clause instances the case of the ''unmarried man'' sustaining the relation with a ''married woman,'' but in another clause instances the case of the ''married man'' sustaining the relation with ''another woman,'' and either of these instances, as well as others described, constitutes the offense known as adultery. While it is true that the accused ought not to be convicted if innocent, and, as a matter of procedure, ought not to be convicted of one offense, when charged with another, it is difficult to see how he can claim prejudicial error in not being permitted to escape conviction by proving a fact which, if true, does not acquit him of the offense, but which still leaves him guilty of the same offense, committed under circumstances more aggravated than those charged. We are of opinion that, if there was error in this particular, it is harmless error.

It is urged that the status of the prosecuting witness as a married woman was not proved. We do not think we could so find without invading the province of the jury. The evidence does not show that the defendant at the time believed that she was a widow.

The accused is a colored man. The woman is white. Consistent with the time during which the illicit relation was sustained, a child was born. This infant in arms

was offered as corroborative evidence to show the accused to be its father. This is assigned as error. We have held that this is not ordinarily permissible in bastardy cases. It is ordinarily unnecessary, and may improperly influence the jury in its deliberations. It is very possible that in this case it should not have been permitted, had the defendant objected, admitting at the same time that the prosecuting witness had given birth to a child bearing evidence that its father was of colored blood. There was evidence that he was at her house daily at about the time. We are of opinion that the evidence was properly admissible as a circumstance bearing upon defendant's guilt. 2 Ency. of Evi. 254; *Clark v. Bradstreet,* 80 Me. 454.

It is further urged that the evidence of the prosecuting witness is not corroborated. The woman's son, 14 years old, testified that the accused was at her home daily, both in daytime and nighttime, showing that he had opportunity to commit the offense. The circumstances were suspicious, and the fact that the colored child was born was also corroborative.

The defendant raises the question whether one of the jurors, a man of foreign birth, was an elector. It is not contended that he was otherwise disqualified. This is an objection which should have been raised at the time of impaneling the jury. Otherwise, it is waived.

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.