## Emmons v. Commonwealth, for Use.

(Decided February 13, 1923.)

### Appeal from Madison Circuit Court.

Bastards—Proceeding for Support—Liability on Bond—Death of Father.—The surety in a bastardy bond executed after verdict is not released by the death of his principal, the father of the child.

O. P. JACKSON, GEO. T. ROSS and JAMES PARK for appellant.

G. MURRAY SMITH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The question on this appeal is whether a surety in a bastardy bond executed after verdict is released by the death of his principal.

The question arises in the following way: On August 8, 1919, Green Kavanaugh, a negro boy who worked for appellant, was found guilty of bastardy and adjudged to pay the sum of $50.00 per year in quarterly installments for a period of twelve years, for the support, maintenance and education of the child. On September 11, 1920, he entered into bond, with appellant as surety, for the payment of $550.00 of the $600.00 adjudged against him. On January 8, 1922, the accused died, and this action was brought to recover on the bond. Appellant answered in two paragraphs. In the first paragraph he admitted his liability for the amount due at the death of his principal. In the second paragraph he pleaded that the death of his principal released him from all further liability. To this paragraph a demurrer was sustained, and the judgment was rendered in favor of the Commonwealth for the use of the mother and child. From that judgment this appeal is prosecuted.

It is true that it is held in some jurisdictions that the death of the principal in a bastardy bond releases the surety. Commonwealth v. Moran, 96 Atl. (Penn.) 1089; People v. Tice, 272 Ill. 516, 112 N. E. 372. These cases proceed on the theory that, under the statutes of those states, a bastardy proceeding is a criminal proceeding; that the payment of money is a part of the sentence and not a debt; that the bond is given to insure the performance of the sentence, and being executed for the benefit of the people, does not create the relation of debtor and creditor between the reputed father and the people. Therefore, when the principal dies, performance of the sentence is no longer possible, and the liability of the surety ceases. The rule in this state is entirely different. The proceeding is civil and not criminal. Its purpose is to compel the father to contribute to the support of his own child, and the bond is for the benefit of the mother rather than the Commonwealth. Schooler v. Commonwealth, Litt. Sel. Cas. 91; Commonwealth v. Williams, 1 J. J. Marsh. 310. The judgment directs the payment of money, and the bond is conditioned for the payment of the sums adjudged. In other words, the bond contains an absolute undertaking to pay a certain sum of money, and the relation of debtor and creditor necessarily follows. Commonwealth v. Smalling, 146 Ky. 197, 142 S. W. 372; State v. Such, 53 N. J. L. 351. That being true, the death of the principal does not af-

fect the liability of the surety. The only way in which the surety may be discharged is by the death of the child, a contingency provided for by the statute. Section 176, Kentucky Statutes. It follows that the ruling of the trial court was correct.

Judgment affirmed.