## Commonwealth ex rel. Powell et al. v. Ross.

Feb. 28, 1939.

W. J. BAXTER, Judge.

OWEN HISLE, O. P. JACKSON and E. SELBY WIGGINS for appellant.

ROSS, ROSS & BAYER for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellee, Hugh Ross, by a proceeding under the statute in relation to bastardy, was tried in the Madison County Court and acquitted. Upon appeal prosecuted to the Circuit Court, he was adjudged to be the father of the illegitimate child, Ramah Powell, and thereupon adjudged, in conformity with the verdict, to pay the Commonwealth on relation of the infant the sum of $132 a year for a period of 18 years, the same to be paid in three installments of $44 each year. The appellant, having failed to pay the directed installments of the annual sum as ordered or to enter into a bond as by Section 175 of the bastardy statutes (Ch. 10, Kentucky Statutes) required, was, as therein provided in such case, ordered committed to jail, there to remain until he should "give such bond, pay the money or be discharged as an insolvent debtor." Following his commitment, he was released in November, 1938, upon taking the insolvent debtor's oath. On May 2 next following his discharge, default having been made in the payment of a later accruing $44 installment by the judgment directed paid, the appellant filed motion, with supporting affidavit averring the default, in the Madison Circuit Court, asking for a capias against the defendant and that he be taken and confined in the Madison County jail until he should execute bond or should be discharged therefrom by due process of law. Demurrer filed to this pleading was sustained and plaintiff's motion, asking the re-imprisonment of the defendant, dismissed. Assailing this ruling of the court as erroneous, this appeal is prosecuted, seeking our review and reversal of it.

We conceive, as insisted by appellant, that the one question here presented is, "Can the defendant in a

bastardy proceeding be placed in jail * * * for failure to pay each installment, after he has gone to jail * * * and been discharged as an insolvent debtor under Section 2180 (Kentucky Statutes) of the Insolvent Debtors' Act for failure to pay the first installment payment? In other words, does incarceration for ten days, and the taking of the insolvent oath one time, discharge the judgment insofar as to prevent the infliction of that penalty after default in any subsequent installment payment?'' Such being the theory of appellant's counsel as to the applicable law of the case, he contends that in default of payment of any installment, the plaintiff can ask the court to recommit the defendant to jail to remain until he pays or again takes the insolvent debtor's oath, and, in this particular case, he insists that the defendant can be committed to jail three times each year throughout the 18-year period, in default of the putative father's payment as directed by the judgment. On the other hand, counsel for the defendant Ross (here appellee) responds and contends that Section 175 of the Bastardy Act, under the authority and provisions of which the defendant, upon being adjudged to be the father of the unfortunate illegitimate child, was, upon his failure to enter into a bond conditioned for payment of the sums adjudged against him, ordered "committed to jail, to remain until he should give such bond, pay the money, or be discharged as an insolvent debtor,'' does not provide for the recommitment of the defendant in the same case, after he has been thereunder once incarcerated and released by virtue of his discharge as an insolvent debtor, for the reason that a defendant adjudged guilty in bastardy proceedings becomes a judgment debtor, who cannot be reincarcerated for his failure to pay such debt after he has been duly discharged under the provisions of Section 175 of the Bastardy Act and Section 2180 of the Insolvent Debtors' Act; that an accused adjudged guilty in bastardy proceedings, where regarded as being of a civil rather than a criminal character, is imprisoned therefor solely under the express authority given by Section 175 of the bastardy statutes as a remedy for enforcing, for the benefit of the mother, the putative father's natural obligation to support his child, and not adjudged as exercising the power of a court of equity to commit him to jail as a contemnor in a divorce action. See Bastardy, 7 Am. Jur., Sections 79, 80, 86; Com. v. Smalling, 146 Ky. 197, 142 S. W. 372; Burgen v. Straughan, 30 Ky. 583, 7 J. J. Marsh. 583.

Appellant's counsel takes the opposite view, arguing that the same ruling should apply in cases of this kind as apply in enforcement of alimony, where decreed payable in installments, yet, while so contending, he at the same time concedes that, in this case, if the court has sustained his motion and ordered Mr. Ross to jail because of his failure to pay the installment due under his judgment, it would have constituted an imprisonment for debt, from which defendant could be again "discharged under the insolvent debtors' act." After having carefully considered appellant's contention in this, it is our conclusion that the same cannot be sustained. While conceding, as stated in the case of Hembree v. Hembree, 208 Ky 658, 271 S. W. 1100, that "the ancient remedy for enforcement of chancery decrees by attachment and imprisonment still exists in this state," it must appear, where the chancellor undertakes to apply such remedy of attachment and imprisonment for the enforcement of its decree, that the defendant has committed a contempt of court by refusing in open court to comply with the order of the court, and that he is being committed to jail until he clears himself of such contempt, rather than being imprisoned for a violation of the order, directing his payment of money under the judgment of the court, within the purview of Section 2184, Kentucky Statutes. Hall v. Hall, 246 Ky. 12, 54 S. W. (2d) 391.

In the well-considered case of Napier v. Napier, 198 Ky. 233, 248 S. W. 529, 530, we held that an order requiring a husband to pay stated sums of money for the separate maintenance of his wife was a judgment for debt within the meaning of Sections 2180-2185, inclusive, Kentucky Statutes, and that these sections were available to the contemnor. In this case the court, speaking through Judge McCandless, said:

"While our Constitution does not inhibit imprisonment for debt, it does specifically provide: 'The person of a debtor, where there is not strong presumption of fraud shall not be continued in prison after delivering up his estate for the benefit of his creditors in such manner as shall be prescribed by law.' Constitution, Section 18.

"Chapter 70, Kentucky Statutes, provides for a release from such imprisonment. Section 2184

reading: 'The provisions of this chapter shall apply to a person imprisoned by order of a court of chancery to compel the payment of money under a judgment of such court.'

"Subsection 4 of Section 2180 provides for the discharge of the petitioner upon complying with the provisions of that chapter, unless it be made to appear that he acted fraudulently.

"It is not claimed that the appellant so acted, or that he failed in any way to comply with the provisions of Chapter 70, Kentucky Statutes. While a rule may issue on chancery judgments, it is principally used in cases where a court has jurisdiction over a fund, or the fund is the subject of a suit and is in the possession of the party subject to control of the court. 10 R. C. L. 655, 656; but in all such cases, 'the provisions of Sections 2180-2185, inclusive, are available to such a contemnor.' Rudd v. Rudd, 184 Ky. [400], 410, 214 S. W. [791], 796.

"It is intimated, however, that the judgment is not for debt, but that it is the judicial assertion of a legal and moral duty, viz. making provisions for the maintenance of his children. While based upon that duty, it is in reality a judgment measured in dollars and cents and one upon which a writ of fieri facias may issue, and in that sense a debt due and owing appellee by appellant."

The similarity and analogy of the court's order here made, directing the payment of money by the putative father of the illegitimate child to the mother, to be used by her for its support and education, with the order of the chancellor made in the Napier case, supra, is apparent and in that case it was held that only a debtor and a creditor relation existed under the decree given against the husband. Therefore it follows that such is the character of the court's judgment here rendered against the appellee, to which the provisions of Chapter 70 of the Kentucky Statutes, providing for the discharge of the debtor, upon complying with the provisions of the Act, as an insolvent debtor, should be held, as was there, to apply.

It may be observed that the authority of the court to render judgment against the putative father for the support of his bastard child rests entirely upon the pro-

visions of Chapter 10 (the Bastardy Act) Kentucky Statutes. Such being the case, the provisions of Chapter 10 clearly are not declaratory of the common law (under which a putative father was not liable for the support of his illegitimate child), but is, on the contrary, entirely a legislative and statutory remedy intended to give legal sanction and effect for enforcing the natural and moral obligation resting upon the father of such illegitimate child to render it and its injured mother assistance and support. Such being the clear legislative purpose and character of the Bastardy Act, it follows that the power of the court to imprison the father, for his failure to carry out its judgment ordering him to enter into a bond conditioned to pay the mother the sums adjudged for the support of the child, goes no further than the plain language of the Act itself. Here the plain language of the Act shows that the court's order directing the father's payment of money for the support of the child is a mere money judgment rendered in a civil action, rather than of the nature of a penalty rendered in a criminal action. It is needless to here reiterate the reasons time and again given for our holding that a bastardy proceeding is civil and not criminal, its purpose being to compel the father to contribute to the support of his own child, and the bond is for the benefit of the mother rather than for the Commonwealth. Emmons v. Commonwealth ex rel., 197 Ky. 674, 247 S. W. 956, 31 A. L. R. 601. See, also, as in accord with such holding, the case of Commonwealth ex rel. Baker v. Bondie, 277 Ky. 207, 126 S. W. (2d) 148, this day decided, giving a very full discussion of this question, and making an exhaustive citation of the authorities supporting this, the majority rule. In those states differently holding, the cases proceed on the theory that under the statutes a bastardy proceeding is a criminal proceeding; that the payment of money is a part of the sentence and not a debt; and that the bond is given to insure the performance of the sentence, and, being executed for the benefit of the people, does not create a relation of debtor and creditor between the reputed father and the people.

However, as stated supra, a bastardy proceeding is, according to the long settled rule of this jurisdiction and the majority rule, a civil proceeding, the court's order directing contribution by the father for the support of the child is a judgment for debt, and the provi-

218

sion of the Insolvent Debtors' Act apply to the putative father imprisoned by the court's order for failure to pay the installments and sum adjudged against him for the support of his illegitimate child. The express provision of Section 175 of the Act, as stated supra, is that for such failure the defendant shall be committed to jail until he shall give such bond, pay the money or be discharged as an insolvent debtor. It is admitted here that the defendant did sue for and obtain his release as an insolvent debtor. There is no provision in this Act authorizing the court to again imprison the father for default in paying a later installment directed by the judgment, after having once been imprisoned and gained his release under the Insolvent Debtors' Act.

For the reasons above indicated, we are of the opinion that the trial court's ruling, in sustaining appellee's demurrer to the motion seeking his reimprisonment for failure to pay installments of the sum adjudged accruing after his release from jail as an insolvent debtor, was proper, and, therefore, the judgment must be affirmed.