# Smith v. Smith.

June 20, 1941.

Guy Dickinson and Zeb A. Stewart for appellant.

J. Milton Luker for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On August 5, 1935, appellant and plaintiff below, Ross Smith, filed this equity action in the Knox circuit court against appellee and defendant below, Elsie Williamson Smith, his wife, in which he prayed for an absolute divorce of their marital relation, but which on final trial was denied to him, although the court did divorce the parties on a counterclaim filed by defendant, and allowed her $10 per month alimony. Numerous rules were later issued against him upon his default in paying the monthly allowances, the termination of each of which is not involved in this case, further than to say that on November 25, 1939, at the hearing of one of them, the court reduced, on motion of plaintiff and appellant, the monthly allowance to $5 per month, payable on the 15th day of each successive month.

Plaintiff defaulted in the reduced subsequent payments and another rule was issued against him, followed by his arrest and jail imprisonment for failing to comply with the order of the court, which was later followed by an application or motion made by him to be released from imprisonment upon the ground that he had there-

tofore taken the insolvent debtor's oath on at least two occasions when he was proceeded against for past due installments of alimony, and which he and his attorney claimed absolved him from imprisonment for all future installments upon failure to pay them, as well as the past due amount for default in the payment of which he was then imprisoned. The court overruled that contention, followed by plaintiff prosecuting this appeal to this court.

It is argued by his counsel in this court that the imprisonment from which plaintiff sought to be released was for failure to pay an installment which he had already paid on December 15th or 16th, 1939; but counsel is mistaken in making that claim, since it is disclosed by the record that the instant imprisonment was not made until March 29, 1940, long after January 15, 1940, to which time the payment made in December 1939 would relieve plaintiff if it was paid in advance; but there is nothing in the record to show that the alimony judgment required such advance payments. In any event, at the time the order complained of was made, plaintiff was in arrears for monthly payments accumulating after his payment in December, 1939, was properly applied and given full effect.

Only two cases are cited by appellant's counsel as authority for reversing the judgment appealed from, and which are Napier v. Napier, 198 Ky. 233, 248 S. W. 529, and Commonwealth ex rel. Powell et al. v. Ross, 277 Ky. 212, 126 S. W. (2d) 150; but the latter one— as did the one of Commonwealth ex rel. Baker v. Bondie, just preceding it in the same volumes on pages 207 and 148, respectively—determined only the single question that a bastardy proceeding was a civil rather than a criminal action and that the practice therein, as well as the enforcement of judgments therein, should be governed by the rules of civil procedure. Therefore, the Ross case cited and relied on has no bearing upon the questions here involved.

The only other authority relied on for a reversal of the judgment appealed from is the Napier case, wherein the husband sought release from imprisonment for defaulting in paying past due alimony allowances by taking the insolvent debtor's oath, as is prescribed in Chapter 70 of Baldwin's 1936 Revision of Carroll's Kentucky

Statutes, composed of Sections 2180, to and including 2185 of that volume. This court went no farther in that case than to hold that a compliance with the latter statute by the husband would relieve him from imprisonment on subsequently issued rules for refusing to pay some past due amount for which he was first imprisoned, and from which imprisonment he obtained his release through his discharge as an insolvent debtor. But that opinion nowhere intimated in any manner that a release from imprisonment for refusing to pay past due installments would operate to relieve the defaulting husband from imprisonment for refusing to pay future accumulated installments as they each became due.

The opinion was expressly confined to releases from imprisonment for failure to pay past due alimony, and, since the husband may become differently circumstanced when future payments become due, we can see no reason why he should not be required to manifest to the court on such occasions his right of exemption from imprisonment for his later defaults by such provided procedures as will vest him with such right. Any other interpretation would give to a discharge under insolvent statutes a bankruptcy effect which we conclude was never the intention of the legislature in enacting them. The relief which such statutes intended to give was release against *imprisonment* for failure to pay a *past* due debt, which might be collected in that manner; but such release was clearly never intended to apply to future maturing debts of like character—and which were collectible by like procedure—throughout the natural life of the defaulting debtor, who in the meantime and in some manner might become possessed of property not reachable by the ordinary processes of enforcement, but which nevertheless enabled him to discharge the obligation at the time it became due and payable. It is our view that the law should not be so construed as to exempt such debtors from all procedural remedies applicable to such obligations without making a showing of the facts necessary to entitled him thereto.

We, therefore, conclude that the court did not err in this case in entering the order appealed from, since there was no effort at that time to manifest conditions relieving appellant from imprisonment for failing to pay the particular installment or installments then in default and arising since his discharge under our insolvent

statute for failure to pay past due installments and by which he was relieved of imprisonment for failing to pay them.

Wherefore, the judgment is affirmed.