**Brooks Edward MAYS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 14, 1962.

Claude Asbury, Catlettsburg, for appellant.

John B. Breckinridge, Atty. Gen., Fred R. Whalin, Asst. Atty. Gen., Frankfort, for appellee.

STANLEY, Commissioner.

We have a motion for an appeal by Brooks Edward Mays from a judgment convicting him of the offense of knowingly causing or contributing to conditions which cause a child to "become delinquent, neglected, dependent needy or charged with a crime." KRS 208.020(3)(a). His penalty was fixed at a fine of $100 and a jail sentence of thirty days. The motion is sustained and the appeal granted. Cr.Code, §§ 347, 348.

The prelude of the case is that in a bastardy proceeding in the Boyd County

Court a jury found Mays to be the father of an illegitimate child of Rita Robbins, and that he should pay $10 a week for the support of the child. KRS 406.090. In default of making bond, conditioned upon the payment of the sums, Mays was committed to jail, and after serving ten days was discharged as an insolvent debtor. KRS 406.-100, 426.400.

Soon afterward the mother of the baby had a warrant of arrest issued charging Mays with the offense of "contributing to the delinquency of the child," as described in KRS 208.020(3) (a); and upon a trial in either the county court or the quarterly court (the papers being variously styled. See Smith v. Smith, Ky., 358 S.W.2d 521.), Mays was sentenced to serve six months in jail and pay a $250 fine. He appealed to the circuit court where he was found guilty and his penalty fixed as first above stated.

■ Under common law a putative father is under no legal obligation to support his illegitimate child. Mercer v. Mercer's Adm'r, 87 Ky. 30, 7 S.W. 401. However, this cannot relieve the father of the responsibility of nature and morality. A bastardy proceeding, defined by KRS 406.-100, is a statutory proceeding and is the exclusive basis of judicial liability for support of a child born out of wedlock. Commonwealth ex rel. Powell v. Ross, 277 Ky. 212, 126 S.W.2d 150. The proceeding is civil in character, and the judgment is regarded as a civil judgment and not criminal. Commonwealth ex rel. Baker v. Bondie, 277 Ky. 207, 126 S.W.2d 148; Green v. Commonwealth, 297 Ky. 675, 180 S.W.2d 865.

■ The statute making it a felony for a parent to desert or abandon his child, leaving him in destitute or indigent circumstances and without making proper provision for his care, applies only to the parent of a legitimate child, natural or adopted, and does not cover such action in respect to an illegitimate child. Commonwealth v. Ray, 196 Ky. 203, 244 S.W. 415; Mathis v.

Commonwealth, Ky., 324 S.W.2d 826. We do not believe it was the intention of the Legislature that KRS 208.020(3) (a), which is a part of the Juvenile Court Act, should be used as a criminal proceeding to punish a father for failure to maintain his illegitimate child. It seems to us that the present case is outside the scope of that statute.

■ It may be observed that the judgment in the bastardy proceeding is still effective. A discharge from custody upon taking the insolvent debtor's oath related to the amount due or accruals up to the time of the commitment. The defendant's liability for subsequent payments on the judgment was not discharged. It may be a matter of contempt. Smith v. Smith, 287 Ky. 287, 152 S.W.2d 944; 29 Am.Jur., Insolvency, § 91; 10 C.J.S. Bastards § 117.

The judgment is reversed.